UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIEVA MYERS,

    Plaintiff,

    v.

BMW OF NORTH AMERICA, LLC,

    Defendant.

Case No. 16-cv-00412-WHO

**ORDER GRANTING IN PART MOTION TO DISMISS**

Re: Dkt. No. 37

## INTRODUCTION

Plaintiff Kieva Meyers brings a putative class action against BMW of North America, LLC ("BMW") alleging that the comfort access system of certain BMW X5 models is defective because it can spontaneously lock when the key remote is inside the vehicle. On October 11, 2016, I granted BMW's motion to dismiss Meyers' First Amended Complaint ("FAC"), concluding that Meyers had failed to allege actual reliance on her UCL and CLRA claims, had failed to allege active concealment on her Fraud by Omission claim, and had not alleged privity, or a privity exception, on her claim for Implied Warranty of Merchantability. Dkt. No. 35. In her Second Amended Complaint ("SAC"), Meyers has realleged her UCL, CLRA, and Fraud by Omission claims. SAC ¶¶48-88, (Dkt. No. 36). BMW moves to dismiss the SAC, arguing that Meyers has still failed to allege reliance or active concealment. The SAC adequately alleges actual reliance, but has failed to allege active concealment. BMW's motion is DENIED with regards to the UCL and CLRA claims and GRANTED with prejudice with regards to the Fraud by Omission claim. Because oral argument is unnecessary, I VACATE the hearing on Dec. 21, 2016. BMW shall answer within twenty days.

## BACKGROUND

In August, 2015, Meyers purchased a used 2013 BMW X5 in San Francisco for personal

and family use. SAC ¶ 2. Her car was equipped with the comfort access system, a convenience feature that works as follows: "The vehicle can be accessed without activating the remote control. All you need to do is to have the remote control with you, e.g., in your jacket pocket. The vehicle automatically detects the remote control when it is nearby or in the passenger compartment. Comfort access supports the following functions: Unlocking/locking of the vehicle." *Id.* ¶ 12 (quoting the BMW owners' manual). The owners' manual for her car provides instructions for operating the comfort access system and instructs: "Functional requirement: To lock the vehicle, the remote control must be located outside of the vehicle." *Id.*

Meyers alleges that the comfort access system is defective because "sometimes while the remote control is located inside a Class Vehicle, the Class Vehicle spontaneously locks." *Id*. ¶ 13. On October 19, 2015, she experienced this alleged defect. *Id.* ¶ 17. She opened the rear door of her vehicle, placed her child inside, placed the remote inside the vehicle, shut the rear door, and walked around to the driver's door. *Id.* When she attempted to open the driver's door, the door was locked. *Id.* Because her child was too young to open the vehicle from inside, Meyers was forced to break a window to open the vehicle. *Id.*

After this incident, Meyers lodged a complaint with BMW. *Id.* ¶ 21. Jay Hanson of BMW wrote an email to her explaining that "we must be dealing either with a malfunction of the locking system or an inadvertent activation of the locking system via either the remote transmitter or the Comfort Access System. Again, it is not impossible to lock a key in the vehicle – and to do so is not necessarily indicative of a malfunction. For example, if a door other than the driver's door is open and the locking button on the transmitter is pressed, the vehicle will lock when the open door is closed. If the user is unaware of having pressed the locking button, then it would certainly appear that it had somehow locked itself." *Id*.

Meyers alleges that BMW knew of the comfort access defect in 2007 because an internal training document, entitled "Comfort Access vs-42 je 66 04 04 (093)" acknowledges that a "Class Vehicle's doors can lock while the Class Vehicle's key is inside the Class Vehicle." *Id.* ¶ 15. She states that numerous owners of BMW X5 vehicles have reported that their vehicles have automatically locked while the remote control has been inside of their vehicles. *Id.* ¶ 13. She

pleads that, despite BMW's knowledge and awareness of the comfort access defect, it failed to make repairs to resolve the defect, failed to modify owners' manuals so that they are accurate, and failed to pay for damages suffered by consumers as a result of the comfort access defect. *Id.* ¶ 24. She contends that BMW knew the Class Vehicles were defective and not fit for their intended purpose and concealed and failed to disclose the defect to her and the class members at the time of purchase or thereafter. *Id.* ¶ 28.

Meyers alleges that BMW widely advertises that its "Class Vehicles are extremely safe vehicles, and are in fact, 'The Ultimate Driving Machine.' " *Id.* ¶ 22. However, because of the comfort access defect, the cars are not safe. *Id.*

In her SAC Meyers bring claims alleging (1) violations of the California Unfair Competition Law ("UCL"), (2) Fraud by Omission, and (3) violations of the CLRA. SAC ¶¶48-88.[1] BMW moves to dismiss the SAC in full.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court

---

[1] Although a claim for Implied Warranty of Merchantability is listed on the face of the SAC, Meyers does not renew this claim in her SAC.

3

is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard where a complaint alleges fraud or mistake. Under FRCP 9(b), to state a claim for fraud, a party must plead with "particularity the circumstances constituting the fraud," and the allegations must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.2009) (citation omitted). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

**DISCUSSION**

Meyers alleges that BMW committed fraud by omission and engaged in deceptive and fraudulent business practices by failing to disclose to consumers that the comfort access system sometimes causes vehicles to spontaneously lock when the key remote is inside the vehicle. SAC ¶ 13, 33. Meyers brings claims under the CLRA, the UCL, and alleges a general violation of fraud by omission.

In my October 11, 2016, order, dismissing Meyers' FAC, I concluded that Meyers had adequately alleged (1) a duty to disclose, (2) a safety hazard, (3) and a causal connection between the alleged defect and the safety hazard for her UCL, CLRA and Fraud by Omission claims. Dkt. No. 35 at 8-9. However, I concluded these claims must be dismissed because Meyers had failed to

4

allege actual reliance on her UCL and CLRA claims, and had failed to allege active concealment on her Fraud by Omission claim. As discussed below, in the SAC Meyers has adequately alleged actual reliance but failed to allege active concealment.

## I. ACTIVE CONCEALMENT

"For fraud based claims under the CLRA and UCL, a plaintiff must also plead actual reliance." *Ehrlich v. BMW of North America, LLC*, 801 F. Supp. 2d 908, 919 (C.D. Cal. 2010). "To prove reliance on an omission, a plaintiff must show that the defendant's nondisclosure was an immediate cause of the plaintiff's injury-producing conduct. A plaintiff may do so by simply proving that, had the omitted information been disclosed, one would have been aware of it and behaved differently. That one would have behaved differently can be presumed, or at least inferred, when the omission is material." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) (internal citations and quotations omitted).

In my October 11, 2016 order, I concluded that Meyers had adequately alleged a material omission but had failed to show that, had the omitted information been disclosed, she would have been aware of it, because she had only made "general allegations that BMW advertises its vehicles, [but] she ha[d] not alleged any facts indicating that she viewed or relied on BMW representations." Dkt. No. 35.

In the SAC, Meyers alleges that, prior to purchasing her vehicle, her husband conducted research on the vehicle and discussed this research in detail with Meyers:

> Prior to the Kieva Vehicle purchase (which was a used Vehicle purchase) in August of 2015, Kieva's husband performed very thorough research about the Kieva Vehicle, including review of BMW NA's web-site regarding the Vehicle, and such third-party web-sites as, for example, Edmunds and Car and Drive. This research included research into the Comfort Access Feature, some review of the owners' manual, review of BMW NA Brochures and other sales pitches regarding the Comfort Access Feature. Despite this research, which Kieva's husband discussed with her in detail, Kieva was not aware of the fact that the Vehicle could spontaneously lock with the key inside the vehicle.

SAC ¶ 2. These allegations are sufficient to meet the standard outlined in *Daniel*, and that, had BMW made a disclosure about the Comfort Access Feature's alleged defect, Meyers would have been aware of it.

5

BMW argues that these allegations are insufficient because Meyers has not alleged that she personally viewed any BMW materials, but only that her husband reviewed these materials and discussed them with her. Mot. at 4. But as the Ninth Circuit explained in *Daniel*, there are "various ways in which a plaintiff can demonstrate that she would have been aware of a defect, had disclosure been made." 806 F.3d at 1226. Although the plaintiffs in that case had not viewed any advertisements, the Ninth Circuit concluded that they had adequately alleged that they would have been aware of a defect, had Ford disclosed it, because they "presented evidence that they interacted with and received information from sales representatives at authorized Ford dealerships prior to purchasing their Focuses." *Id.* Here, Meyers has adequately alleged that she would have been aware of any disclosure regarding the Comfort Access defect had one been made because she has alleged that her husband conducted thorough research on the vehicle, including reading BMW's materials and looking at the vehicle's owners' manual, and that he discussed his research, with her. These facts suggest that, had a disclosure been made, her husband would have discovered it and relayed it to her.

BMW also contends that Meyers has failed to allege actual reliance because she has not alleged that she viewed and relied on specific statements. Mot. at 6 (citing *Haskins v. Symantec Corp.*, No. 13-cv-1834-JST, 2014 WL 2450996, at *2 (N.D. Cal. June 2, 2014) (To maintain a UCL or CLRA claim a plaintiff must: "(a) specifically identify an advertisement or representation which she viewed and on which she relied, and/or (b) clarify that she seeks to maintain her action on the grounds that she was exposed to a long-term advertising campaign.")). Its reliance on *Haskins* is misplaced. *Haskins* involved fraudulent misrepresentation claims, not fraudulent omission claims. Meyers cannot possibly identify specific statements on which she relied to allege an *omission* claim; her claim is that key information regarding the Comfort Access Defect was not disclosed and that she relied on that omission. As outlined in *Daniels*, plaintiffs bringing omission claims need only show "that, had the omitted information been disclosed, one would have been aware of it and behaved differently." *Daniel*, 806 F.3d at 1225. Meyers has met this standard.

Because Meyers has adequately alleged a material omission and has alleged facts

6

1  indicating that, had a disclosure been made she would have been aware of it, she has adequately
2  alleged actual reliance on her UCL and CLRA omission claims. BMW's motion to dismiss these
3  claims is DENIED.

## II. ACTIVE CONCEALMENT

BMW contends that Meyers's common law fraudulent omission claim must be dismissed because she has again failed to allege actual concealment. Mot. at 1. Meyers does not make any argument in response and I conclude that she has failed to allege sufficient facts to show active concealment.

Meyers has not adequately alleged active concealment because she has not alleged that BMW took any affirmative acts to conceal. "An allegation of active concealment must plead more than an omission; rather, a plaintiff must assert affirmative acts of concealment; e.g., that the defendant sought to suppress information in the public domain or obscure the consumers' ability to discover it." *Taragan v. Nissan North America, Inc.*, No. 09-cv-3660-SBA, 2013 WL 3157918, *7 (N.D. Cal. Jun. 20, 2013). Meyers alleges that BMW "concealed or failed to disclose the true nature of the design or manufacturing defect consisting of the Comfort Access Defect" and that it "continues to conceal the defective nature of the Class Vehicles even after Members of the Class began to report problems." SAC ¶¶ 67-68. Although Meyers alleges generally that BMW "concealed" the Comfort Access Defect, the substance of her allegations is that BMW did not disclose the information. Meyers has not pointed to any "affirmative acts of concealment" but only to a continuing failure to disclose. These alleged omissions are insufficient to sustain an active concealment claim.

BMW's motion to dismiss the common law fraud claim is GRANTED.

## CONCLUSION

Meyers has adequately alleged actual reliance to sustain her UCL and CLRA claims and BMW's motion is DENIED with respect to these claims. Meyers has failed to allege active concealment to support her common law fraud claim and BMW's motion to dismiss is GRANTED with respect to this claim. Because Meyers has already been given leave to replead her common law fraud claim, and she did not try to address its defects as identified in the prior

7

1  order and by BMW in its opening memorandum, it appears that further amendment would be
2  futile.  Meyers' common law fraud claim is dismissed WITH PREJUDICE.  BMW shall answer
3  the SAC within twenty days.
4  **IT IS SO ORDERED**.
5  Dated: December 19, 2016



WILLIAM H. ORRICK
United States District Judge

8