EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiff KIEVA MYERS ("Plaintiff" or "Class Representative"), on behalf of herself and all others similarly situated and by and through her counsel, and Defendant BMW of North America, LLC ("BMW NA" or "Defendant"), by and through its counsel, hereby enter into this Settlement Agreement and Release ("Settlement Agreement"), subject to the approval of the Court. The Parties in consideration of the mutual promises, agreements, and covenants contained herein, the sufficiency and receipt of which are hereby acknowledged, stipulate and agree as follows:

WHEREAS, on January 24, 2016, Plaintiff filed a class action in the United States District Court for the Northern District of California captioned *Myers v. BMW of North America, LLC, et al.*, Case No. 16-cv-00412-WHO (the "Action" or "Litigation"), on behalf of a putative California class asserting claims for (1) violation of California Business & Professions Code section 17200 *et seq.* ("UCL"), (2) fraud, (3) breach of implied warranty, and (4) violation of California Civil Code section 1750 *et seq.* ("CLRA");

WHEREAS, on April 12, 2016, Plaintiff filed a First Amended Complaint [Dkt. 18], on behalf of a putative California class, asserting claims for (1) violation of the UCL, (2) fraud, (3) breach of implied warranty, and (4) violation of the CLRA;

WHEREAS, on October 31, 2016, after the Court issued an order granting BMW NA's motion to dismiss the First Amended Complaint [Dkt. 35], Plaintiff filed a Second Amended Complaint [Dkt. 36] ("SAC"), on behalf of a putative California class, asserting claims for (1) violation of the UCL, (2) fraud, (3) breach of implied warranty, and (4) violation of the CLRA;

WHEREAS, on December 19, 2016, the Court issued an order that granted in part and

denied in part BMW NA's motion to dismiss the SAC [Dkt. 40], in which the Court dismissed with prejudice Plaintiff's fraud claim;

WHEREAS, the SAC, following dismissal of Plaintiff's fraud claim, is the operative complaint and asserts claims for (1) violation of the UCL, (2) breach of implied warranty, and (3) violation of the CLRA;

WHEREAS, on January 19, 2017, BMW NA filed its answer to the surviving claims in the SAC [Dkt. 41];

WHEREAS, Plaintiff and BMW NA recognize that the outcome of the Litigation and the claims asserted in the SAC are uncertain, and that pursuing the Litigation to judgment would entail substantial cost, risk, and delay;

WHEREAS, the parties have explored and discussed at length the factual and legal issues in the Litigation and have discussed at length through several in-person and telephonic discussions the claims and issues raised by Plaintiff in the Litigation, and have agreed to a global final settlement of the Action that renders the need for further litigation unnecessary;

WHEREAS, for purposes of this settlement only, the Parties agree to the certification of a Settlement Class ("Class" or "Settlement Class" as defined in section I (10), below).

WHEREAS, the Parties desire to compromise and settle all issues, claims, and/or facts asserted in the Litigation, or that could have been asserted in the Litigation, based upon the facts alleged by or on behalf of members of the Class;

WHEREAS, Plaintiff, by and through Class Counsel, has: (a) made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the Litigation; (b) engaged in investigation and discovery of the claims asserted in the Litigation, including extensive discovery of BMW NA in the form of document production and Fed. R. Civ.

P. 30(b)(6) depositions of four BMW NA witnesses, all prior to their execution of this Agreement; and (c) evaluated and considered the law applicable to the claims asserted in the Litigation, including the defenses that BMW NA likely would assert;

**WHEREAS**, BMW NA does not believe Plaintiff's claims are meritorious and has denied and continues to deny any and all claims, including but not limited to claims of defect and/or allegations concerning the alleged safety of the Class Vehicles, made by Plaintiff, and has denied and continues to deny that it is legally responsible or liable to Plaintiff or any member of the Class for any of the matters asserted in this Litigation, but has concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all pending and potential claims of Plaintiff and members of the Class relating to claims which were or could have been asserted by Plaintiff and the Class in this Litigation relating to the alleged practices and claimed defect(s) at issue;

**WHEREAS**, Plaintiff's counsel are experienced in this type of class litigation, recognize the costs and risks of prosecution of this Litigation, and believe that it is in Plaintiff's interest, and the interest of all Class Members, to resolve this Action, and any and all claims against the Released Parties (see definition Sec. I(37)) arising from the conduct alleged in the Action, and in this Settlement Agreement;

**WHEREAS**, the Parties agree that the proposed settlement is fair, adequate, and reasonable;

**WHEREAS**, significant arm's-length settlement negotiations have taken place between the Parties and, as a result, this Settlement Agreement has been reached without collusion, subject to the Court approval process set forth herein;

**WHEREAS**, the undersigned Parties believe that this Settlement Agreement offers

significant benefits to Class Members and is fair, reasonable, adequate and in the best interest of Class Members; and

WHEREAS, this Settlement Agreement is made and entered into by and between Plaintiff, individually and on behalf of the Class, and BMW NA;

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the undersigned Parties, as follows:

## I.   DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meaning set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1)      Action. "Action" means *Myers v. BMW of North America, LLC, et al.*, Case No. 16-cv-00412-WHO, pending in the United States District Court for the Northern District of California. The Action may also be referred to in this Settlement Agreement as the "Litigation."

2)      Approved Claim Payment Date. The Approved Claim Payment Date means the date when approved Claims for Out-of-Pocket Costs shall be paid, which will be thirty (30) days after the Effective Date of Class Settlement.

3)      BMW NA. "BMW NA" means BMW of North America, LLC, the defendant in this Action.

4)      Claim. "Claim" means a request for reimbursement for Out-Of-Pocket Costs.

5)      Claim Form. "Claim Form" means a form, substantially similar Exhibit B attached hereto, used to request reimbursement for Out-of-Pocket Costs.

6)      Claim Processing. "Claim Processing" means the process in which BMW NA will have sixty (60) days after the Claims Deadline to (i) match the vehicle VIN to the Claim; (ii)

determine if the Claim has been previously paid in whole or in part by BMW NA through goodwill payments or warranty payments; (iii) determine if the Class Member previously had released any claims against BMW NA as a result of a settlement of a claim or lawsuit related to Spontaneous or Unintended Locking; (iv) conduct a data search to determine if the Class Vehicle previously has been involved in an accident or totaled; (v) enter data into the BMW NA warranty database concerning the Class Vehicle, and (vi) verify no other exclusions in this Settlement apply.

7)      **Claimant.** "Claimant" means a Class Member who submits a Claim Form.

8)      **Claims Administrator.** "Claims Administrator" means a respected and recognized administrator of claims, selected and retained by BMW NA, and approved by counsel for Plaintiff (with such approval not unreasonably withheld), to disseminate Class Notice and administer Claims, subject to Court approval.

9)      **Claims Deadline.** "Claims Deadline" means the deadline to submit a Claim for Out-of-Pocket Cost(s) under paragraph III(B) of the Settlement, which shall be not more than ninety (90) days day after the Class Notice is mailed.

10)     **Class.** "Class" means all residents of the United States (including Puerto Rico), who currently own or lease, or previously owned or leased, a Class Vehicle. Excluded from the Class are (1) BMW NA, its related entities, parent companies, subsidiaries and affiliates, and their respective officers, directors, and employees; (2) insurers of the Class Vehicles; (3) all persons and/or entities claiming to be subrogated to the rights of Class Members; (4) issuers or providers of extended vehicle warranties or extended service contracts; (5) individuals and/or entities who validly and timely opt-out of the Settlement; (6) consumers or businesses that have purchased Class Vehicles previously deemed a total loss (i.e. salvage) (subject to verification

through Carfax or other means); (7) current and former owners of a Class Vehicle who previously have released their claims against BMW NA with respect to the issues raised in the Litigation; (8) United States and Puerto Rico residents who have purchased Class Vehicles in the United States but have since transported the vehicle outside the United States for permanent use abroad; (9) any current or former owner or lessee of a Class Vehicle that has received or obtained a goodwill or warranty payment for Out-of-Pocket Cost(s) (unless the consumer had to pay or share in some portion of the Out-of-Pocket Cost, in which case the unreimbursed portion of such cost is not excluded); (10) any judge to whom this matter is assigned, and his or her immediate family (spouse, domestic partner, or children); (11) individuals or entities that have purchased and/or leased Class Vehicles as "fleet" vehicles (i.e. rentals or company vehicles); and (12) Class Vehicles that were involved in accidents that resulted in damage to the Comfort Access System or related components.

11)     **Class Counsel.** "Class Counsel" means the Law Office of Robert L. Starr, A.P.C. and the Law Offices of Stephen M. Harris, P.C.

12)     **Class Counsels' Fees and Expenses.** "Class Counsels' Fees and Expenses" means the reasonable attorneys' fees and expenses of Class Counsel, not to exceed $692,000, subject to approval of the Court.

13)     **Class Members.** "Class Members" and "Settlement Class Members" shall have the same meaning as "Class," as set forth in ¶10 above.

14)     **Class Notice.** "Class Notice" means the Court-approved form of notice to the Class substantially similar to Exhibit C hereto, mutually prepared and agreed upon by the Parties, informing the Class of, among other things, (i) the preliminary approval of the Settlement; (ii) the scheduling of the Final Approval Hearing; (iii) their opportunity to object to, or exclude

themselves from, the Settlement; and (iv) their opportunity to submit a Claim. The Class Notice also shall include the Owner's Manual Insert (Exhibit A hereto).

15)   **Class Representative.** "Class Representative" means plaintiff Kieva Myers.

16)   **Class Vehicle(s).** "Class Vehicles" means BMW NA E70 vehicles (2007 through 2013 model year BMW X5 vehicles), made for sale and/or lease in the U.S. market, with a production date between October 1, 2006 through June 30, 2013, equipped with the optional Comfort Access System, and that were sold or leased to a Class Member who registered and operated the vehicle in the United States or Puerto Rico.

17)   **Court.** "Court" means the United States District Court for the Northern District of California, the Honorable William H. Orrick, or his duly appointed successor.

18)   **Defendant's Counsel.** "Defendant's Counsel" means Lewis Brisbois Bisgaard & Smith LLP.

19)   **Effective Date of Class Settlement.** "Effective Date of Class Settlement" means the date following the entry of the Final Approval Order with respect to the class benefits under the Settlement Agreement, or if there are any objections, then the Effective Date for Class Settlement shall be the date after the time for any appeal expires, or the date on which all appeals from the Final Approval Order are finally decided or terminated, whichever date is later. If the Final Approval Order on Fees is entered separately or at a later date, this shall not impact the Effective Date of Class Settlement, but any obligation to pay Court-approved Class Counsels' Fees and Expenses shall arise only after the Effective Date of Fees Settlement.

20)   **Effective Date of Fees Settlement.** "Effective Date of Fees Settlement" means the date following the entry of the Final Approval Order on Fees, unless there are any objections to any portion of the Final Approval Order, in which case the Effective Date of Fees Settlement

shall be when the time for any appeal expires, or the date on which all appeals from such order are finally decided or terminated, whichever date is later.

21) **Emergency Out-of-Pocket Costs.** "Emergency Out-of-Pocket Costs" means the following unreimbursed costs incurred by a Class Member as a result of a Spontaneous or Unintended Locking in which a child and/or pet was locked inside a Class Vehicle: (a) costs incurred to repair a broken window (or other damage to a Class Vehicle) directly attributable to efforts to unlock the Class Vehicle immediately following a Spontaneous or Unintended Locking, or (b) if Class Vehicle damage set forth in paragraph I(21)(a) was paid for by insurance, any insurance deductible paid by the Class Member for vehicle damages described in paragraph I(21)(a) herein. Emergency Out-of-Pocket Costs are subject to the Maximum Reimbursement Amount. No additional costs are to be reimbursed by BMW NA.

22) **Final Approval Hearing.** "Final Approval Hearing" means the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order and/or Final Approval Order on Fees.

23) **Final Approval Order.** "Final Approval Order" means the order of the Court that approves this Settlement Agreement and makes such other final rulings as are contemplated by this Settlement Agreement, which may or may not include approving payment of Service Award and Class Counsels' Fees and Expenses.

24) **Final Approval Order on Fees.** "Final Approval Order on Fees" means any order of the Court awarding Class Counsels' Fees and Expenses (or any amount less than Class Counsels' Fees and Expenses).

25) **Litigation.** "Litigation" means the Action as defined above.

26) **Maximum Reimbursement Amount.** "Maximum Reimbursement Amount"

means (a) for Non-Emergency Out-of-Pockets Costs, a maximum reimbursement up to one hundred fifty dollars ($150), or (b) for Emergency Lockout Out-of-Pocket Costs, a maximum reimbursement up to a combined six hundred fifty dollars ($650) comprised of $150 maximum for Non-Emergency Out-of-Pocket Costs and up to $500 maximum for Emergency Out-of-Pocket Costs.

27) **Non-Emergency Out-of-Pocket Costs.** "Non-Emergency Out-of-Pocket Costs" means the following unreimbursed costs incurred by a Class Member as a result of a Spontaneous or Unintended Locking of the Comfort Access System where only personal property (rather than a child or pet) were locked inside the car: (a) locksmith or third party lockout service costs that are directly attributable to efforts to unlock the Class Vehicle immediately following a Spontaneous or Unintended Locking, (b) towing costs that are directly attributable to efforts to unlock the Class Vehicle immediately following a Spontaneous or Unintended Locking, and (c) if no loaner or free rental was otherwise provided, reasonable one-day car rental costs (subject to a maximum reimbursement $50) while the Class Vehicle was under repair due to a Spontaneous or Unintended Locking of the Comfort Access System. Non-Emergency Out-of-Pocket Costs are subject to the Maximum Reimbursement Amount. No additional costs are to be reimbursed by BMW NA.

28) **Notice and Claims Procedure.** "Notice and Claims Procedure" means the process that includes any or all of the following: (1) BMW NA will secure the names and last known current addresses of Class Members and supply this information to the Claims Administrator; (2) the Claims Administrator will run a national change of address search; (3) the Notice and Claim Forms will be disseminated substantially in the form provided in Exhibits B and C hereto, upon approval by the Court, and as set forth in §IV herein; (4) BMW NA will

engage in the Claim Processing as set forth in ¶ 6 above; (5) Class Members may submit a Claim Form and Required Documentation through the Settlement Website, by mail, or by fax to the pre-printed address provided on the Claim Form and Settlement Website; (6) the parties will work cooperatively for a mutually acceptable Claim Form for the submission of Claims; and (7) the Class Administrator will perform such other functions as described in §V(A) through (I) below. Any follow up notification by Class Counsel to Class Members (not otherwise advocated for by Class Counsel but ordered by the Court) who have not opted out of the Settlement will be solely at Class Counsel's expense, and will be performed by the Claims Administrator at Class Counsels' cost. However, Class Counsel may, at their own expense (1) create a website to post settlement related documents and information, and (2) contact Class Members through the Claims Administrator to provide a supplemental reminder notice to encourage claims. Any costs associated with additional notice efforts by Class Counsel which are not otherwise advocated for by Class Counsel but ordered by the Court as detailed herein (if any) are at Class Counsels' own expense and are not recoverable as Class Counsels' Fees and Expenses.

29) **Objection Date.** "Objection Date" means forty-five (45) days from the date the Class Notice is sent by U.S. Mail ("Mailed Notice"), or a date otherwise ordered by the Court, for members of the Class to object to the Settlement Agreement's terms or Class Counsels' Fees and Expenses, and to submit any required statements, proof, or other materials and/or argument.

30) **Out-Of-Pocket Costs.** "Out-Of-Pocket Costs" means Non-Emergency Out-of-Pocket Costs and Emergency Out-of-Pocket Costs collectively.

31) **Owner's Manual Insert.** "Owner's Manual Insert" means the document, attached as Exhibit A to this Agreement, which will be sent with the Class Notice and that will provide additional information and warnings regarding locking of Class Vehicle doors using the

Comfort Access System.

32) **Parties.** "Parties" means the Plaintiff and Defendant.

33) **Plaintiff.** "Plaintiff" means the Class Representative as defined above.

34) **Preliminary Approval Order.** "Preliminary Approval Order" means the order of the Court preliminarily approving this Settlement Agreement.

35) **Proof of Spontaneous or Unintended Locking.** "Proof of Spontaneous or Unintended Locking" means any of the following three documents that establish a Spontaneous or Unintended Locking complaint in a Class Vehicle: (a) dealership repair orders, (b) police report, (c) insurance company report. In cases where a customer has documented proof of a lockout situation (repair order, police report, or insurance company report), but the documentation submitted does not specify a Spontaneous or Unintended Locking, an attestation under penalty of perjury that the Class Member did not intend to lock the doors using the key fob or the Comfort Access System and the doors locked anyway can be used. The attestation is *in addition* to documentation set forth herein and *not in lieu of* documentation that evidences a lockout situation in the first place.

36) **Released Claims.** "Released Claims" means the claims released by this Settlement Agreement, as set forth in Section VIII and its related subsections.

37) **Released Parties.** "Released Parties" means BMW NA, Bayerische Motoren Werke Aktiengesellschaft (BMW AG), and BMW Manufacturing Co. (BMW MC), as well as BMW NA's, BMW AG's, and BMW MC's respective subsidiaries and related entities, and every other entity involved in the design, development, supply, manufacture, sale, lease, repair, or distribution of the Class Vehicles, and the foregoing entities' past and present officers, directors, shareholders, predecessors in interest, successors in interest, attorneys and employees.

38)     **Request for Exclusion**. "Request for Exclusion" means a request by any Class Member for exclusion from the Settlement.

39)     **Required Documentation**. "Required Documentation" means (1) a fully-completed Claim Form signed under penalty of perjury, (2) Proof of Spontaneous or Unintended Locking, (3) an invoice that shows an Emergency Out-of-Pocket Cost or Non-Emergency Out-of-Pocket Cost, and (4) cancelled checks, credit card statements or other proof that evidences the Class Member personally paid for an Emergency Out-of-Pocket Cost or Non-Emergency Out-of-Pocket Cost.

40)     **Service Award**. "Service Award" means the amount to be paid to the Class Representative to compensate her for her time and efforts on behalf of the Class, subject to approval of the Court, and which shall not exceed five thousand dollars ($5,000).

41)     **Settlement**. "Settlement" and "Settlement Agreement" means the agreement by the Parties to resolve this Litigation, the terms of which have been memorialized herein.

42)     **Settlement Website**. "Settlement Website" means the website established and maintained by the Claims Administrator, with the website address www.ComfortAccessSettlement.com, where Settlement related documentation and deadlines will be posted, and Claims can be submitted.

43)     **Spontaneous or Unintended Locking**. "Spontaneous or Unintended Locking" means a situation where the Class Member claims he or she did not intend to lock the Class Vehicle's doors using the key fob or the Comfort Access System and the doors locked anyway. A situation where the Class Member locked the Class Vehicle's door intending to lock it, but through neglect or inadvertence forgot the keys in the car does not qualify as a Spontaneous or Unintended Locking. In cases where the documents submitted to support Proof of Spontaneous

or Unintended Locking evidences a lockout, but does not specify a Spontaneous or Unintended Locking, an attestation under penalty of perjury by the Claimant that he or she did not intend to lock the Class Vehicle's doors using the key fob or the Comfort Access System and the doors locked anyway can be used. The attestation is *in addition to and not in lieu of* Proof of Spontaneous or Unintended Locking and is available as an alternative means of proof only in cases where the Proof of Spontaneous or Unintended Locking does not specify the lockout was due to a Spontaneous or Unintended Locking. The attestation cannot be used to contradict information contained in the Proof of Spontaneous or Unintended Locking.

## II.  REQUIRED EVENTS

Promptly after execution of this Settlement Agreement by all Parties:

A.  Class Counsel and Defendant's Counsel shall take all reasonable and necessary steps to obtain entry of the Preliminary Approval Order and obtain entry of the Final Approval Order. Class Counsel, with BMW NA's pre-filing review and comment, shall prepare and file all documents in connection with the Motion for Preliminary Approval and the Motion for Final Approval. Among other things, the Parties agree that Plaintiff will file with her motion for preliminary approval, or will have filed prior to issuance of the Preliminary Approval Order, a Third Amended Complaint, that defines the Class consistent with the terms of this Settlement Agreement. The Parties further agree that BMW NA need not file a response to the Third Amended Complaint unless the Settlement does not receive final approval. The Parties further agree that in not responding to the Third Amended Complaint as set forth herein, BMW NA will not be deemed to have waived any defense, admitted any fact, or have otherwise defaulted in any manner.

B.  In the event the Court fails to issue the Preliminary Approval Order, or fails to

issue the Final Approval Order, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court. If, despite their best efforts, the Parties cannot cure said defects, the Settlement Agreement is voidable with each party returning to their respective pre-settlement posture and without prejudice or waiver to any party's pre-settlement position on any legal or factual issue.

C.      The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement are essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

D.      Upon Entry of the Final Approval Order, this Action shall be dismissed, on its merits and with prejudice, subject to the continuing jurisdiction of the Court. The Final Approval Order also will enjoin the prosecution of any litigation or class action related to Spontaneous or Unintended Locking on behalf of any Class Member.

## III.    SETTLEMENT TERMS

A.      Owner's Manual Insert: BMW NA will cause the Claims Administrator to send with the Class Notice the Owner's Manual Insert, with instructions that Class Members read the Owner's Manual Insert and place the document inside the Class Vehicle's Owner's Manual.

B.      Reimbursement for Out-of-Pocket Costs: BMW NA will reimburse Class Members for Emergency Out-of-Pocket Costs or Non-Emergency Out-of-Pocket Costs, as applicable. Reimbursement will be on a claims made basis and will be for the lesser of the

actual Out-of-Pocket Cost paid by the Class Member or the applicable Maximum Reimbursement Amount. To obtain reimbursement under this paragraph, Class Members must submit via the Settlement Website, U.S. mail or fax a Claim Form and Required Documentation to the Class Administrator before the Claims Deadline.

## IV. NOTICE AND RELATED PROVISIONS

A.    Mailed Notice: A Mailed Notice will be provided to Class Members as part of the Notice and Claims Procedure one hundred twenty (120) days after the Court's entry of a Preliminary Approval Order. The Mailed Notice will be sent in a single mailing (rather than on a rolling basis) by First Class Mail to all known Class Members once all current Class Member contact information is received from state DMVs or other state authorities. The parties agree to use their best efforts to comply with the time schedule set forth in this paragraph, but agree to work cooperatively in extending this time limit, if necessary to obtain the best practicable Class Member contact information prior to the mailing of Class Notice. Notice will be given to both known or identifiable original owners and to current owners. Prior to mailing out the Class Notice, the Claims Administrator will run a national change of address on all addresses. If any Class Notice is returned as undeliverable, skip tracing will be used to locate the address, if possible. BMW NA is only obligated to pay for one Mailed Notice. Any follow-up or reminder notifications to Class Members who have not opted out of the Settlement (other than Court-ordered notices, not otherwise advocated for by Class Counsel as additional notices beyond what is agreed to by the parties herein) will be solely at Class Counsels' expense and will be performed by the Claims Administrator.

B.    Notice to Governmental Entities: The Claims Administrator or Defendant's Counsel will provide notice of this Settlement Agreement and provide copies of other documents

to governmental entities or agencies as required by the Class Action Fairness Act ("CAFA") or any other law.

    C.    Costs for one Mailed Notice, additional Court-ordered notices (if any) not otherwise advocated for by Class Counsel, maintaining the Settlement Website, sending required notices to governmental entities, maintaining a 800 number providing recorded answers to commonly asked claims or settlement questions, and all Claims Administrator costs (other than any costs for follow up notices that Class Counsel may voluntarily elect to send) are to be paid by BMW NA.

    D.    BMW NA will require that the Claims Administrator maintain the Settlement Website from the date of Mailed Notice until the Effective Date of the Settlement for Benefits that will: (1) allow for online submission of Claims; (2) provide instructions on how to file an online or paper Claim; (3) provide instructions on how to contact Class Counsel for assistance; (4) contain a copy of the Class Notice, Claim Form, Settlement Agreement, and Owner's Manual Insert; and (5) contain other information BMW NA and Class Counsel mutually agree is relevant for dissemination to Class Members regarding the Settlement. BMW NA will also require that the Claims Administrator maintain a toll free telephone number that provides recorded answers to commonly asked Claim or Settlement questions.

    E.    The Parties agree that any publications by Class Counsel (through websites, website postings, chat rooms, media interviews, etc.) or any other communications by the Parties regarding this Settlement will be consistent with the Settlement Agreement, Class Notice, Claim Form, Preliminary Approval Order, Final Approval Order, and any press release that may be prepared and agreed upon by the Parties. Nothing in this paragraph shall limit (1) Class Counsel's ability to communicate with the Class Representative, Class Members (in response to

Class Member calls, via Class Counsel's web site, or for purposes of a supplemental reminder notice sent via the Claims Administrator as provided herein), or the Court, and (2) BMW NA's ability to communicate with its dealers and consumers, or the Court.

## V. CLAIMS ADMINISTRATOR

A. BMW NA will retain a Claims Administrator approved by the Court to administer the Notice and Claims Procedure and for Claims Processing.

B. The Claims Administrator will be responsible for implementing and administering Claims by Class Members, including, but not limited to, the following tasks:

(1) Receive and conduct an initial validation screening of Claims to determine timeliness of submission, completeness of the Claim, and the completeness of the Required Documentation;

(2) Transmit all conditionally approved Claims to BMW NA for Claim Processing.

(3) Collect and transmit to Class Counsel and BMW NA the names and contact information of Class Members who "opt out" of the Settlement or object to the Settlement.

C. For Claims under Paragraph III(B) herein, the Claims Administrator shall provide BMW NA a list of all conditionally approved Claims within fourteen (14) days after the Claims Deadline. All Claims the Claims Administrator conditionally approves for payment will be transmitted to BMW NA for Claim Processing. Claims that are incomplete (e.g. lack Required Documentation) or are not approved for payment by the Claims Administrator will not undergo Claim Processing until the Claim is complete.

D. Any Claimant whose Claim is deemed incomplete (e.g. lacking

Required Documentation, incomplete Claim Form, etc.) will promptly receive from the Claims Administrator, either through electronic mail or first class mail, a written explanation stating the reasons, including steps the individual can take to cure the deficiencies. The Claimant receiving such notice will be allowed thirty (30) days to submit materials to cure the deficiencies, so that the Claim can proceed to Claim Processing, provided such defect(s) are cured by the Class Member's subsequent submission.

    E.    The Claims Administrator, on a monthly basis, or such other time as the parties may request, shall provide to Class Counsel and Defendant's Counsel summary information concerning the number of Claims made, number of Claims returned for incompleteness, number of Claims pending in Claim Processing, number of Claims validated, and the total amount of reimbursement payments to be made on validated Claims.

    F.    The Claims Administrator shall be obligated to furnish to Counsel for Plaintiff, upon reasonable request, information about Claims denied, including the reasons for denial, and furnish to Class Counsel at its request all Claim information and documentation so that Class Counsel can assess the validity of the denial of any claim. Said information shall be made available to Class Counsel prior to issuance of any notice of final denial of a Claim by the Claims Administrator.

    G.    In any instance in which the Claims Administrator finally denies and the Claimant disputes a Claim, the Claims Administrator shall forward such Claims to Class Counsel and Defendant's counsel. The parties through their respective counsel will engage in good faith efforts to resolve the dispute as to that Claim (each party to bear its own respective costs for such efforts). If counsel is unable to resolve the dispute, the Claimant may then submit the dispute to a mutually agreeable third-party neutral. The dispute will be resolved on the briefs without a

formal hearing or trial process at the conclusion of the Claims period. Each party will pay for one-half of the third-party neutral's fees and costs and must bear its own respective attorney's fees for resolution.

H.    No later than ten (10) days prior to the date Plaintiff's Motion for Final Approval is to be filed, the Claims Administrator shall provide Class Counsel with an affidavit or declaration to be filed with Court along with the papers submitted by Class Counsel in support of the Final Approval Motion, attesting the Class Notice was disseminated in a manner consistent with the terms of this Settlement Agreement, or those otherwise required by the Court; a report containing the summary information concerning Claims as set forth in ¶ E, above, and setting forth the amount of the reimbursements claimed by Class Members in Claims under Paragraph III(B). The Claims Administrator shall supplement this report upon request by Class Counsel, in the event the Final Approval Hearing is continued or adjourned, or if the ruling remains under submission for longer than 14 calendar days.

I.    All approved Claims will be paid by the Claims Administrator after the Effective Date for Class Settlement. BMW NA will provide a lump sum payment for all approved Claims to the Claims Administrator, which will then issue checks to Claimants with approved Claims. Payments for approved Claims will be made by the Approved Claims Payment Date in the form of a check that must be cashed within ninety (90) days from the date of issuance, as stated on the face of the check. If the checks remain uncashed or expire, they can be reissued to the Claimant upon request. If no request is made for a new check, funds on expired checks will revert back to BMW NA.

## VI.    REQUESTS FOR EXCLUSION BY CLASS MEMBERS

A.    Any Class Member may make a Request for Exclusion by mailing or delivering

such request in writing to the Claims Administrator at the addresses set forth in the Class Notice. Any Request for Exclusion must be postmarked or delivered not later than forty-five (45) days after the date of Mailed Notice or such other date specified in the Court's Preliminary Approval Order. The Request for Exclusion shall (i) state the Class Member's full name and current address, (ii) provide the model year and VIN of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically state his or her desire to be excluded from the Settlement and from the Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement.

B.    Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

C.    The Parties shall jointly report the names of all individuals who have submitted a Request for Exclusion to the Court no less than ten (10) days prior to the Final Approval Hearing.

## VII.    OBJECTIONS BY SETTLEMENT CLASS MEMBERS

A.    The Parties will request that the Court enter an order requiring any Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, to furnish to the Claims Administrator and file with the court a written notice of objection by the Objection Date, forty-five (45) days from the date of Mailed Notice or such date as otherwise ordered by the Court, as well as a notice of intention to appear at the Final Approval Hearing. To state a valid objection to the Settlement, an objecting Class Member must provide to the Claims Administrator the following information in his of her written objection: (i) full name,

current address, and current telephone number; (ii) documentation sufficient to establish membership in the Class; (iii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position;  (iv) provide copies of any other documents that the objector wishes to submit in support of his/her position, and (v) furnish the name and case number of any case in which the objector has previously asserted an objection to a class action settlement.  Subject to approval of the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Settlement should not be approved as fair, adequate, and reasonable, or object to any applications for incentive awards or Class Counsels' Fees and Expenses. The objecting Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") by the date established by the Court. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her counsel) will present to the Court in connection with the Final Approval Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with specifications set forth in the Class Notice may, at the Court's discretion, be deemed to have waived any objections to the Settlement and may be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

B.      The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Class Members. The Preliminary Approval Order and Class Notice will require all Class Members who have any objections to file

such notice of objection or request to be heard with the Court, and serve by mail or hand delivery such notice of objection or request to be heard to the Claims Administrator at the addresses set forth in the Class Notice, by no later than the Objection Date. The Preliminary Approval Order will further provide that objectors who fail to properly or timely file their objections with the Court, along with the required information and documentation set forth above, or to serve them as provided above, may not be heard during the Final Approval Hearing, their objections may be waived and their objections may not be considered by the Court, at the Court's discretion.

C.     Class Counsel agrees that it will be solely responsible for defending the Court's Final Approval Order or Final Approval Order on Fees in the event of an appeal. BMW NA will make a filing either joining and/or not opposing Class Counsel's defense of the Final Approval Order. However, if the appeal only relates to the Court's Final Approval Order on Fees (or other order or portion of an order approving Class Counsel's Fees and Expenses or the Class Representative's Incentive Award), it will be up to BMW NA's discretion whether to join such appeals. Any fees and/or costs incurred by Class Counsel in such appeals, including fees and/or costs incurred to settle any claims by objectors, are the sole responsibility of Class Counsel. Class Counsel may not seek to recover such additional fees and/or costs from BMW NA, and any such fees and costs are to be satisfied (if at all) out of the Class Counsels' Fees and Expenses, as awarded by the Court.

## VIII.  MUTUAL RELEASE, DISMISSAL OF ACTION, AND JURISDICTION OF COURT

A.     By this Settlement Agreement and the following Release, Defendant and Released Parties are released from any and all claims or causes of action that were, or could have been, asserted by the Plaintiff or any Class Members against them regarding Spontaneous or Inadvertent Locking of the Comfort Access System, except as set forth in section VIII(B) below. Without

encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds or value under the Action, and that Plaintiff is not aware of anyone other than herself claiming any interest, in whole or in part, in the Action or in any benefits, proceeds or values under the Action. Class Members submitting a Claim Form shall represent and warrant therein that they are the sole and exclusive owners of all claims that they personally are releasing under the Settlement and that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds or value under the Action, and that such Class Member(s) are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Action or in any benefits, proceeds or values under the Action.

C.     This Settlement Agreement does not affect the rights of Class Members who timely and properly request exclusion from the Settlement Agreement. The Settlement Agreement does not release claims for personal injury or claims for subrogation.

D.     Upon issuance of the Final Approval Order: (i) the Settlement Agreement shall be the exclusive remedy for any and all Class Members, except those who have opted out in accordance with the terms and provisions hereof; (ii) Defendant and Released Parties shall not be subject to liability or expense of any kind to any Class Member(s) for reasons related to the Litigation except as set forth herein; and (iii) Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against Defendant and Released Parties.

## IX.   ADMINISTRATION, ATTORNEYS' FEES, AND INCENTIVE AWARDS

A.    All expenses incurred in administering this Settlement Agreement, including, without limitation, the cost of the Class Notice, and the cost of distributing and administering the benefits of the Settlement Agreement, shall be paid by BMW NA, subject to the limitations contained herein and approval of the Court. For the purposes of this Settlement Agreement only, Defendant agrees to not oppose Class Counsels' application for attorney's fees and costs up to $692,000 and Class Counsel agrees that their application for fees and costs will not exceed $692,000.  BMW NA will issue a single check payable to The Law Offices of Stephen M. Harris, P.C., Attorney-Client Trust Account, for fees and costs as approved by the Court, within fourteen (14) days after the Effective Date of Fees Settlement provided all required documentation, such as W-9 forms, and payment instructions are timely provided to BMW NA by Class Counsel.

B.    BMW NA agrees that, subject to Court approval, Class Counsel may apply to the Court for the payment of a Service Award to the Class Representative that does not exceed $5,000. The Service Award as approved by the Court shall be paid by BMW NA by check to the Class Representative, and delivered to Class Counsel within fourteen (14) days after the Effective Date of Class Settlement, provided required documentation such as W-9 forms, timely are provided to BMW NA by Class Counsel.

## X.   REPRESENTATIONS, WARRANTIES, AND COVENANTS

A.    Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiff, to execute, deliver, and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiff and

constitutes their legal, valid, and binding obligation.

     B.     BMW NA, through its undersigned attorneys, represents, and warrants that it has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery, and performance by BMW NA of this Settlement Agreement and the consummation by it of the actions contemplated hereby have been duly authorized by all necessary corporate action on the part of BMW NA. This Settlement Agreement has been duly and validly executed and delivered by BMW NA and constitutes its legal, valid, and binding obligation.

## XI.    MISCELLANEOUS PROVISIONS

     A.     This Settlement Agreement is not to be used in evidence (except in connection with obtaining approval of this Settlement Agreement and enforcing its terms) and shall not at any time be construed or deemed to be any admission or concession by BMW NA with respect to any alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein. BMW NA specifically denies all of the allegations made in connection with the Litigation. Neither this Settlement Agreement nor any class certification pursuant to it shall constitute, in this or in any other proceeding, an admission by BMW NA, or evidence or a finding of any kind, that any requirement for class certification is satisfied with respect to the Litigation, or any other litigation, except for the limited purpose of settlement pursuant to this Settlement Agreement. This Settlement Agreement also is made with the Parties' express understanding and agreement that (a) under applicable laws, it is appropriate that a class be certified for settlement purposes only; (b) BMW NA contests and denies that any class, including the proposed Settlement Class, is suitable for certification as a class under the law of any jurisdiction, other than solely for the

purposes of this Settlement Agreement; and (c) notwithstanding any other provisions of this Settlement Agreement, all actions and proceedings pursuant to it shall be consistent with the foregoing. This provision shall survive the expiration or voiding of the Settlement Agreement.

     B.    This Settlement Agreement is entered into only for purposes of Settlement. In the event that the Final Approval Order is not entered or a Final Approval Order is subsequently reversed by an appeal, the Parties agree to use their best efforts to cure any defect(s) identified by the Court. If, despite their best efforts, the Parties cannot cure said defects, this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Litigation, and all Parties shall be restored to their prior rights and positions as if the Settlement Agreement had not been entered into.

     C.    The Parties agree that BMW NA may withdraw or terminate this Settlement Agreement prior to the Final Approval Hearing if more than three percent (3%) of Class Members have submitted valid and timely Requests for Exclusion. For purposes of determining whether the conditions for withdrawal or termination of the Settlement Agreement have occurred, copies of all Requests for Exclusion timely received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to the Defendant's Counsel within three (3) days of receipt by the Claim Administrator but in no event, later than ten (10) Court days before the Final Approval Hearing. Moreover, the Claims Administrator will furnish a report concerning Requests for Exclusion to Class Counsel within the same time frame. In the event of a withdrawal from this Settlement Agreement in accordance with the terms of this paragraph,

this Settlement Agreement shall become null and void and of no further force and effect.

D.      The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

E.      Capitalized words, terms and phrases are used as defined in section I, above.

F.      This Settlement Agreement may not be modified or amended except in writing and signed by all of the Parties.

G.      This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

H.      Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear his, her, or its own costs of the Litigation.

I.      The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in any of the Settlement papers.

J.      The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the release, even after entry of Final Approval of the Settlement The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement,

including, but not limited to, orders enjoining Class Members from prosecuting claims that are released pursuant to the Settlement Agreement, ensuring compliance with the reimbursement and replacements as provided herein, and allowing for discovery related to objectors, if any.

K. The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

L. This Settlement Agreement constitutes the entire, fully integrated agreement among the Parties and cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the Settlement of the Litigation.

M. The Parties agree that any disputes regarding the meaning of the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or as to any disagreement regarding the manner in which any issue or dispute arising under this Settlement Agreement should be resolved, shall be submitted to the Court for resolution.

N. All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this agreement or by order of the Court, the day of the act, or default, from which the designated period of time begins to run shall not be included. The last day of the period so computed shall

be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period shall run until the end of the next day that is not one of the aforementioned days. Each of the Parties reserves the right, subject to the Court's approval, to seek any reasonable extensions of time that might be necessary to carry out any of the provisions of this agreement, and to modify or supplement any notice contemplated hereunder.

     O.    Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this agreement shall not be deemed a waiver of any provision of this agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

     P.    All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

For Class Counsel:

Stephen M. Harris
Law Office of Stephen M. Harris, P.C.
6320 Canoga Avenue, Suite 1500
Woodland Hills, California 91367
(818) 924-3103 (Telephone)
Stephen@smh-legal.com

For BMW NA:

Eric Y. Kizirian, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
633. W. 5th Street, Suite 4000
Los Angeles, California 90071
(213) 250-1800 (Telephone)
Eric.kizirian@lewisbrisbois.com

IN WITNESS WHEREOF, Plaintiffs and BMW NA, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated: __11/1/17__                          _____
                                             Kieva Myers
                                             Plaintiff

Dated: _____                      _____
                                             Stephen M. Harris
                                             Law Office of Stephen M. Harris, P.C.
                                             6320 Canoga Avenue, Suite 1500
                                             Woodland Hills, California 91367

Dated: _____                      _____
                                             Robert L. Starr
                                             The Law Office of Robert L. Starr, APC
                                             23277 Ventura Boulevard
                                             Woodland Hills, California 91364

                                             **Attorneys for Plaintiff**

Dated: _____                      _____
                                             Print:
                                             As the Duly Authorized Corporate Representative
                                             of BMW of North America, LLC

Dated: _____                      _____
                                             Eric Y. Kizirian
                                             Lewis Brisbois Bisgaard & Smith LLP
                                             633 W. 5th Street, Suite 4000
                                             Los Angeles, California 90071
                                             **Attorneys for BMW of North America, LLC**

IN WITNESS WHEREOF, Plaintiffs and BMW NA, by and through their respective

counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated:_____          _____
                               Kieva Myers
                               Plaintiff

Dated:_____          _____
                               Stephen M. Harris
                               Law Office of Stephen M. Harris, P.C.
                               6320 Canoga Avenue, Suite 1500
                               Woodland Hills, California 91367

Dated:   h/15/17               _____
                               Robert L. Starr
                               The Law Office of Robert L. Starr, APC
                               23277 Ventura Boulevard
                               Woodland Hills, California 91364

                               **Attorneys for Plaintiff**

Dated:_____          _____
                               Print:_____
                               As the Duly Authorized Corporate Representative
                               of BMW of North America, LLC

Dated:_____          _____
                               Eric Y. Kizirian
                               Lewis Brisbois Bisgaard & Smith LLP
                               633 W. 5th Street, Suite 4000
                               Los Angeles, California 90071
                               **Attorneys for BMW of North America, LLC**

IN WITNESS WHEREOF, Plaintiffs and BMW NA, by and through their respective

counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated: _____

_____
Kieva Myers
Plaintiff

Dated: _____

_____
Stephen M. Harris
Law Office of Stephen M. Harris, P.C.
6320 Canoga Avenue, Suite 1500
Woodland Hills, California 91367

Dated: 11/15/17

_____
Robert L. Starr
The Law Office of Robert L. Starr, APC
23277 Ventura Boulevard
Woodland Hills, California 91364

Attorneys for Plaintiff

Dated: 11/27/2017

_____
Print: MARIANNE RAULFIGES
As the Duly Authorized Corporate Representative
of BMW of North America, LLC

Dated: 11/27/2017

_____
Eric Y. Kizirian
Lewis Brisbois Bisgaard & Smith LLP
633 W. 5th Street, Suite 4000
Los Angeles, California 90071
Attorneys for BMW of North America, LLC