**EXHIBIT 3**

1  Robert L. Starr, Bar No. 183052
   robert@starrlaw.com
2  Adam Rose, Bar No. 210880
   starrlawadam@yahoo.com
3  THE LAW OFFICE OF ROBERT L. STARR, APC
   23901 Calabasas Road, Suite 2072
4  Calabasas, California 91302
   Telephone: (818) 225-9040
5  Facsimile: (818) 225-9042

6  Stephen M. Harris, Bar No. 110626
   Stephen@smh-legal.com
7  THE LAW OFFICE OF STEPHEN M. HARRIS, APC
   6230 Canoga Avenue, Suite 1500
8  Woodland Hills, California 91367
   Telephone: (818) 924-3103
9  Facsimile (818) 924-3079

10 Attorneys for Plaintiff
   KIEVA MYERS, individually, and on behalf of a class of
11 similarly situated individuals

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIEVA MYERS, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | NO.   16-cv-00412-WHO<br>[CLASS ACTION]<br><br>Assigned for All Purposes to<br>the Hon. William H. Orrick<br><br>**SECOND REVISED PRELIMINARY APPROVAL ORDER OF CLASS ACTION SETTLEMENT (AS MODIFIED)** |

The parties to this litigation have entered into a Settlement Agreement dated in December of 2017 ("Agreement"), which if approved, would resolve this action on a class basis. Plaintiff has filed a Motion for Preliminary Approval of the settlement set forth in the Agreement, which

Defendant BMW of North America, LLC ("BMW" or "Defendant") supports. Plaintiff has also filed supplemental papers in support of the motion. The Court has read and considered the Motion for Preliminary Approval, the parties' memoranda in support, the Agreement, various declarations filed by the parties and all exhibits thereto, as well as the supplemental papers of the parties, and finds there is a sufficient basis for granting preliminary approval of the Settlement, directing that notice be disseminated to the Class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

1. All defined terms used in this Order have the same meanings as set forth in the Agreement. Dkt. No. 55-1.

2. The Court preliminarily certifies, for settlement purposes only, the following Settlement Class (the "Class") pursuant to Rule 23 (b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure:

Class: All persons throughout the United States who currently own or lease or who previously owned or leased a Class Vehicle, which includes BMW X-5 vehicles, made for sale and/or lease in the U.S. market, with a production date from October of 2006 through June of 2013, which were distributed by BMW and equipped with optional Comfort Access System.

3. Excluded from the Class are:

(1) BMW NA, its related entities, parent companies, subsidiaries and affiliates, and their respective officers, directors, and employees; (2) insurers of the Class Vehicles; (3) all persons and/or entities claiming to be subrogated to the rights of Class Members; (4) issuers or providers of extended vehicle warranties or extended service contracts; (5) individuals and/or entities who validly and timely opt-out of the Settlement; (6) consumers or businesses that have purchased Class Vehicles previously deemed a total loss (i.e. salvage) (subject to verification through Carfax or other means); (7) current and former owners of a Class Vehicle who previously have released their claims against BMW NA with respect to the issues raised in the Litigation; (8) United States and Puerto Rico residents who have purchased Class Vehicles in the United States but have since

transported the vehicle outside the United States for permanent use abroad; (9) any current or former owner or lessee of a Class Vehicle that has received or obtained a goodwill or warranty payment for Out-Of-Pocket costs(s) (unless the consumer had to pay or share in some portion of the Out-Of-Pocket Cost, in which case the unreimbursed portion of such cost is not excluded); (10) any judge to whom this matter is assigned, and his or her immediate family (spouse, domestic partner, or children); (11) individual or entities that have purchased and/or leased Class Vehicles as "fleet" vehicles (i.e. rentals or company vehicles); and (12) Class Vehicles that were involved in accidents that resulted in damage to the Comfort Access System or related components.

4. For purposes of simplicity in this Order, hereafter members of the Class will collectively be referred to simply as the "Class", "Class Member(s)" or the "Settlement Class."

5. The Court appoints plaintiff Kieva Myers to serve as Class Representative.

6. The Court appoints Stephen M. Harris of the law offices of Stephen M. Harris, P.C., and Robert L. Starr of the Law Offices of Robert L. Starr, APC, to serve as Class Counsel.

7. The parties propose that Rust Consulting be appointed as the Claims Administrator for this Settlement. The Court finds that Rust Consulting is a well-known administrator of claims and has the requisite experience to be appointed the Claims Administrator in this action.

8. The Court finds that, for the purpose of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class. Joinder of all Class Members, consisting of the owners and lessees of all Class Vehicles distributed by BMW in the United States or Puerto Rico in a single proceeding would be impractical, if not impossible, because of their numbers and dispersion. Common issues exist among Class Members and predominate over questions affecting only individual Class Members. Defendant has also has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Plaintiff's claims are typical of those of the Class, as Plaintiff does own or lease or has owned or leased a Class Vehicle which experienced or may experience being locked out of their vehicle due to the Comfort Access feature. Plaintiff and her counsel will fairly and adequately protect the interests of the Class;

1  Plaintiff has no interests antagonistic to those of the Class, and has retained counsel experienced
2  and competent to prosecute this matter on behalf of the Class. Finally, a class settlement is
3  superior to other available methods for a fair and efficient resolution of the controversy.

4      9.    The certification of the Class for settlement purposes shall be without force or effect
5  if: (a) the Court does not give final approval to the Settlement or does not enter judgment
6  substantially as contemplated in the Agreement; or (b) the Court's approval of the Settlement
7  and/or entry of a final approval order and judgment are reversed or substantially modified on
8  appeal. The Settlement Class shall then be deemed decertified and Defendant shall retain all of its
9  rights to oppose certification of this action.

10     10.   The Court preliminarily approves the parties' proposed Settlement, finding that the
11 terms of the Settlement are fair, reasonable, and adequate at this point to warrant dissemination of
12 notice to Class Members so that they can evaluate the terms themselves, and to warrant the setting
13 of a hearing to consider final approval of the Settlement. The Court finds that the settlement
14 contains no obvious deficiencies and that the parties entered into the Agreement in good faith,
15 following arms-length negotiation between their respective counsel.

16     11.   The Court hereby approves the form and procedures for disseminating the
17 settlement Notice to the Class Members as set forth in the Agreement. The Court finds that the
18 Notice to be given constitutes the best notice practicable under the circumstances, and constitutes
19 valid, due, and sufficient notice to Class Members in full compliance with the requirements of
20 applicable law, including the Due Process Clause of the United States Constitution.

21     12.   BMW shall arrange for the printing and mailing (via U.S. Mail) of the class Notice,
22 Dkt. No. 65, to all Settlement Class members who are identified as current or former registered
23 owners or lessees according to the procedures set forth in the Agreement. The notice procedures
24 described in the Agreement are hereby approved.

25     13.   Such class Notice shall be mailed by the Settlement Administrator with the Claim
26 Form, and owners' manual insert, attached as exhibit 1 to the Third Supplemental Harris
27 Declaration, and exhibits 3-4 to the Harris Declaration submitted in support of the motion for
28 preliminary approval, and pursuant to the procedures described in the Agreement. The Settlement

Administrator will maintain a website that contains information about the settlement and copies of related documents, including the class notice, claim form, and owners' manual insert. The Settlement Administrator will also set up a toll-free phone number available to Class Members who have questions about the claims process or need additional information. No later than 120 days after entry of the Preliminary Approval Order the Settlement Administrator shall (a) cause individual notice, substantially in the form attached to the Third Supplemental Harris Declaration as Exhibit 1, along with a claim form, substantially in the form attached to the Harris Declaration as Exhibit 3, and the Owners' Manual Insert, substantially in the form attached to the Harris Declaration as Exhibit 4, to be mailed to each such identified Class Member.

14. As set forth in the Agreement, BMW shall bear all costs and expenses in connection with providing notice to the Class, in accordance with the Settlement Agreement, and for administering the Settlement, including, but not limited to, all fees, costs, and expenses of the Settlement Administrator to be selected by the parties.

15. BMW will comply with the requirements of 28 U.S.C. § 1715(b) and serve, upon the appropriate State official of each State in which a Class Member resides and the appropriate Federal official, a notice of the proposed Settlement consisting of:

(a) the original complaint and all amended complaints in this Action;

(b) notice of the Fairness Hearing described below;

(c) the individual notice for mailing and summary notice for publication;

(d) the Agreement;

(e) this Order;

(f) (1) if feasible, the names of Class Members who reside in each State and the estimated proportionate share of the claims of such Class Members to the entire settlement to that State's appropriate State official; or (2) if the provision of information under subparagraph (1) is not feasible, a reasonable estimate of the number of Class members residing in each state and the estimated proportionate share of the claims of such Class Members to the entire Settlement; and

(g) Any written judicial opinion relating to the materials described under subparagraphs (a) through (f).

BMW shall also provide copies of the foregoing submissions to Class Counsel.

16. A hearing on entry of Final Approval of the Class Action Settlement and the award of fees and expenses to Class Counsel, and incentive payment to the Class Representative, as well as with respect to entry of judgment (the "Fairness Hearing") shall be held on March 27, 2019 at 2:00 p.m., in Courtroom 2 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102. At the Fairness Hearing, the Court will consider: (a) whether the Action should be finally certified for class action settlement purposes; (b) whether the Settlement should be approved as fair, reasonable, and adequate for the class; (c) whether a judgment granting approval of the Settlement should be entered; and (d) whether Class Counsel's application for attorneys' fees and expenses and an incentive award for the named Plaintiff should be granted.

17. Any Class Member shall have the right to opt out of the Class and the settlement by sending a written request for exclusion from the Class to the address(es) listed in the Class Notice, postmarked no later than 45 days after mailing of the Class notice. To be effective, the request for exclusion (or opt-out request) must: (a) state the Class Member's full name and (b) clearly set forth his/hers/its desire to be excluded from the Settlement and from the Settlement Class. Any Settlement Class member who submits a timely and valid request for exclusion will not be entitled to participate in the Settlement and cannot object to the Settlement. Any Settlement Class member who does not submit a timely and valid exclusion request shall be subject to and bound by the Settlement and every order or judgment entered concerning the Settlement.

18. Any Settlement Class member who intends to object to final approval of the Settlement or the Fee Application must, on or before 45 days after mailing of the Class Notice, mail or file with this court any said objection or notice to appear. Any objection to the Settlement should include the following information concerning the objector: (i) full name, address and telephone number; (ii) a statement of the objection(s) asserted, including the factual and legal grounds for each such objection; (iii) copies of any documents the objector wishes to submit in support of his or her position; and (iv) the name and case number of any case in which the objector has previously asserted an objection to a class action settlement. If the objector intends to appear at the Fairness Hearing, the objecting Class Member should file with the court a Notice of Intention to

Appear at the Fairness Hearing ("Notice of Intention to Appear"). The Notice of Intention to Appear shall be postmarked or filed no later than 45 days after the mailing of the Class Notice.

19. Counsel for the respective parties shall file memoranda, declarations, or other statements and/or materials in support of the request for final approval of the parties' Settlement, no later than 14 days prior to the Final Approval hearing (i.e., by March 13, 2019).

20. Class Counsel shall file an application for an award of attorneys' fees and costs not to exceed $692,000 and for an incentive award not to exceed $5,000.00 ("Fee Application") no later than two weeks before the deadline for Class Members to object to the Settlement.

21. Counsel for the parties shall promptly furnish to each other any and all objections, written requests for exclusion or any related documents that come into their possession.

22. The last day for counsel to file correspondence and any other documents received from opt-outs and objectors shall be 10 days prior to the Final Approval hearing (i.e., by March 15, 2019).

23. Plaintiff shall file the third amended complaint within ten days of notice of entry of this Order, and pending further Order of this Court, BMW need not file a responsive pleading to the third amended complaint.

24. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Agreement; or (ii) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In such event, the proposed Settlement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order shall be used or referred to for any purpose whatsoever.

25. The Court reserves the right to approve the Agreement with such modifications as may be agreed by the Parties and without requiring further notice to Class Members.

26. The Court reserves the right to continue the date of the Fairness Hearing and related deadlines. In that event, the revised hearing date and/or deadlines shall be posted on the website maintained by the Settlement Administrator, and the parties shall not be required to re-send or re-publish the notices.

27. All further proceedings in this litigation (including, but not limited to, any existing discovery obligations) are ordered stayed until final approval of the Settlement or termination of the Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the settlement.

DATED: September 10, 2018

_____
William H. Orrick
United States District Judge